UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BENJAMIN SANCHEZ,<br><br>    Petitioner,<br> v.<br><br>COLETTE GOGUEN,<br><br>    Respondent. | CIVIL ACTION<br><br>NO. 17-cv-40167-TSH |

## ORDER

**November 13, 2018**

Hennessy, M.J.

  This matter comes before the Court on Petitioner Benjamin Sanchez's motion for the appointment of counsel. Dkt no. 10. On June 27, 2018, this motion was referred to the undersigned for a ruling. Dkt. no. 17. For the reasons that follow, Petitioner's motion is DENIED.

  There generally exists no constitutional right to counsel in a civil action. See Lassiter v. Dep't of Soc. Servs. of Durham County, N.C., 452 U.S. 18, 25 (1981) (explaining that the right to counsel attaches only where an individual "may lose his physical liberty if he loses the litigation"); Lopes v. Dickhaut, No. 16-2119, 2017 WL 7833676, at *1 (1st Cir. Dec. 6, 2017) (stating that "there is no constitutional right to counsel in a civil case"); Niemic v. Maloney, 448 F. Supp. 2d 270, 278 (D. Mass. 2006) ("There is, however, no constitutional right to counsel in civil cases."). Indeed, "an indigent litigant in federal court has no constitutional or statutory right to the appointment of counsel, even if he is challenging a criminal conviction as by a proceeding . . . for habeas corpus." Huenefeld v. Maloney, 2 F. App'x 54, 61 n.5 (1st Cir. 2001) (quoting

1

Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996)); see also Johnson v. Avery, 393 U.S. 483, 488 (1969). The Court may, however, appoint counsel for a financially eligible habeas petitioner if interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). The Court "must examine the total situation" of a petitioner's case, including all relevant factors, in assessing whether exceptional circumstances require the appointment of counsel for a habeas petitioner. DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991); see also Nachtigall v. Class, 48 F.3d 1076, 1082 (8th Cir. 1995). The First Circuit has identified several factors to determine whether the "rare" appointment of counsel is warranted in such circumstances. Fitzpatrick v. Ryan, 13-cv-11756, 2013 WL 4499375, at *1 (D. Mass. Aug. 16, 2013) (citing United States v. Mala, 7 F.3d 1058, 1063–64 (1st Cir. 1993). The factors include: (1) a likelihood of success on the habeas claim; (2) the factual and legal complexities of the case; and (3) the petitioner's ability to present his claims. Id. (citing Mala, 7 F.3d at 1063–64).

Here, the Court takes note of the mental impairment expressed by Petitioner in his motions for counsel and for voluntary dismissal. See dkt. nos. 10, 21. This alleged impairment should be assessed in the context of Petitioner's case, focusing "on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Lucien v. Spencer, 534 F. Supp. 2d 207, 210 (D. Mass. 2008) (quoting DesRosiers, 949 F.2d at 24). "The mere fact of any mental impairment is not dispositive." Lucien, 534 F. Supp. 2d at 210 (citing Phelps v. United States, 15 F.3d 735, 737 (8th Cir. 1994)). In the Court's view, the posture and circumstances of this case militate against appointment of counsel. The petition indicates comprehension, and "a good understanding of the issues and the ability to present forcefully and coherently [Petitioner's] contentions." See LeMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987). Petitioner's filings also belie the assertion that his status as a non-native English speaker prevents

him from communicating his claims without the assistance of counsel. See, e.g., Thath Sin v. Mass. Dep't of Corr., 10-40226-FDS, 2012 WL 913254, at *2 (D. Mass. Mar. 15, 2012) (denying motion to appoint counsel where filings demonstrated that petitioner, whose native language was not English, understood the legal issues raised).

Furthermore, it appears that the Court will be able to determine the merits of petitioner's claims based on the existing record. See Schultz v. Wainwright, 701 F.2d 900, 901 (8th Cir. 1983) (concluding that an evidentiary hearing is not required where "the district court can determine the merits of [a habeas petitioner's claims] based on the existing record") (citing Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982)). Here, Petitioner challenges the final adjudication of his state conviction on the grounds that: (1) his confession was involuntary; (2) he was not given an opportunity to cross-examine an adverse witness; (3) his attorney would not allow him to testify; and (4) his counsel's assistance was ineffective. See dkt no. 1, at pp. 5–12. The petition suggests that the first two grounds listed above were raised on direct appeal. See id. at 2. It appears, therefore, that the issues respecting these claims can be properly and fully resolved on the bases of the state court record. See Forte v. Comm'r. of Corr., 134 F. Supp. 3d 654, 656 (D. Mass. 2015) ("In determining whether to appoint counsel in civil proceedings, courts additionally have considered . . . whether information necessary to support a petitioner[']s claims [is] available in prior court filings . . . ."). Further, while the petition does not suggest that grounds (3) and (4) were raised on direct appeal, whether or not they were does not alter the Court's determination of Petitioner's motion at issue. Although unexhausted claims might impinge the likelihood of success of a petitioner's habeas claims, Mala, 7 F.3d at 1063–64, the issues respecting grounds (3) and (4) of Petitioner's claim do not appear to involve complex legal issues that would necessitate the assistance of counsel, nor do they seem to embrace

3

complex factual issues that would require further investigation.  See Lucien, 534 F. Supp. 2d at 210–11.  The Court therefore does not find the existence of exceptional circumstances which would warrant the appointment of counsel at this time.

## Conclusion

For the foregoing reasons, Petitioner's motion to appoint counsel (dkt. no. 10) is DENIED.


/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge