UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BENJAMIN SANCHEZ,<br><br>    Petitioner,<br> v.<br><br>COLETTE GOGUEN,<br><br>    Respondent. | CIVIL ACTION<br><br>NO. 4:17-cv-40167-TSH |

## REPORT AND RECOMMENDATION

**January 10, 2019**

Hennessy, M.J.

  Petitioner Benjamin Sanchez, a prisoner in Massachusetts state custody, filed this habeas corpus petition under 28 U.S.C. § 2254 against Respondent Colette Goguen, Superintendent of the North Central Correctional Institution in Gardner, Massachusetts. Respondent has moved to dismiss the petition. Dkt. no. 12. This Report and Recommendation issues pursuant to a referral from District Judge Hillman respecting Respondent's motion, which is fully briefed and ripe for adjudication. Dkt. no. 17 (Order of reference); see also dkt. no. 12 (Respondent's motion to dismiss); dkt. no. 13 (Respondent's memorandum supporting dismissal); dkt. no. 27 (Petitioner's opposition).

  In consideration of the foregoing submissions and for the reasons that follow, the undersigned RECOMMENDS that Petitioner be given an opportunity to elect whether to dismiss his remaining unexhausted claim and proceed on the merits of the exhausted claims, or to accept dismissal of the entire petition.

I.      BACKGROUND

In the early hours of July 12, 2009, the unresponsive body of Petitioner's estranged wife was found by members of a Springfield fire department rescue team on her living room floor. ADD 024.[1] She was transported to a hospital, where it was determined that she had been strangled and stabbed forty-five times. Id.; ADD 027. Parts of her body were burned. ADD 027. The ultimate cause of her death was determined to be a combination of sharp force injuries to her left lung and inhalation of soot and smoke. Id.

A jury convicted Petitioner in Superior Court of murder in the first degree on theories of (i) deliberate premeditation and extreme atrocity or cruelty, (ii) arson of a dwelling house, and (iii) violating an abuse prevention order procured by the victim just a few months before her death. ADD 024; ADD 026.

Petitioner appealed his conviction to the Supreme Judicial Court of Massachusetts (the "SJC"). ADD 016. In addition, Petitioner filed in the Superior Court a motion for a new trial, alleging that his counsel provided ineffective assistance by failing to seek a competency evaluation.[2] The Superior Court denied Petitioner's motion without an evidentiary hearing. ADD 453. Petitioner appealed the denial of the new trial motion to the SJC, claiming that the Superior Court erred in failing to hold an evidentiary hearing on the matter. ADD 016. The SJC affirmed both Petitioner's conviction and the order denying the new trial motion. ADD 025.

---

[1] ADD refers to Respondent's Addendum filed in paper form only. See dkt. nos. 14, 16. A Court may consider certain evidence on a motion to dismiss, including official public records and other documents central to a plaintiff's claim, without converting a motion to dismiss to one for summary judgment. See Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001)).

[2] Petitioner's motion was also premised on an alleged violation of his right to confrontation because the analyst who conducted the DNA initial testing on twelve items of evidence did not testify at trial. See Commonwealth v. Sanchez, 73 N.E.3d 246, 255 (Mass. 2017).

On December 15, 2017, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and a motion for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B).[3]  Dkt. nos. 1, 3.  This Court denied Petitioner's motion for counsel on February 6, 2018.  Dkt. no. 5.  On April 10, 2018, Petitioner again moved this Court for appointment of counsel.  Dkt. no. 10.  On June 7, 2018, Respondent moved to dismiss the petition on the ground that Petitioner failed to exhaust his state judicial remedies with respect to two of his four asserted grounds for relief.  Dkt. no. 12.  On August 9, 2018, this Court ordered Petitioner to submit an opposition to Respondent's motion by August 24, 2018, warning that the petition would be subject to a recommendation for dismissal if no opposition was received.  Dkt. no. 18.  Petitioner thereafter moved for several extensions of time to submit an opposition, all of which were granted.  See dkt. nos. 19, 20, 22, 23.  Then, on September 28, 2018, Petitioner filed a motion to voluntarily withdraw his habeas petition without prejudice.  Dkt. no. 21.

On November 13, 2018, the undersigned denied Petitioner's second motion for appointment of counsel.  Dkt. no. 25.  On the same day, Petitioner filed a third motion seeking the same relief.[4]  Dkt. no. 26.  Petitioner then submitted on November 23, 2018 an opposition to Respondent's motion to dismiss.  Dkt. no. 27.

On November 27, 2018, Judge Hillman denied without prejudice Petitioner's motion to voluntarily dismiss his petition without prejudice because any subsequent or successive petition "would almost certainly be deemed time-barred."  See dkt. no. 28, at p. 3; see also Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (codified as

---

[3] The petition indicates that the Clerk's office received the Petition on December 15, 2017, the same day it was then filed.

[4] Petitioner's third motion for appointment of counsel is dated October 12, 2018, was mailed to Clerk of Court on November 9, 2018, and was received and docketed by the Clerk's office on November 13, 2018.  Dkt. no. 26.

amended in various sections of 28 U.S.C.); 28 U.S.C. §2244(d) (setting one-year limitations period for requests for habeas corpus relief). The Court also denied Petitioner's third motion for appointment of counsel for the same reasons that his second motion seeking appointment of counsel was denied. Dkt. no. 28. Judge Hillman also ordered this matter stayed through December 31, 2018 to allow Petitioner time to obtain representation. Id.

II.   LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") instructs that a federal court shall not grant a habeas corpus petition filed by a prisoner "in custody pursuant to the judgment of a State court . . . unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Accordingly, this requirement must be satisfied before a federal habeas corpus petition is filed. See Woodford v. Ngo, 548 U.S. 81, 92 (2006) ("The habeas statute generally requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court." (citing 28 U.S.C. §§ 2254(b)(1), (c))); see also Domaingue v. Butterworth, 641 F.2d 8, 14 (1st Cir. 1981) ("Our practice has been to determine the question of exhaustion as of the time a habeas corpus petition was filed, not as of the time the case is heard on appeal, and to require a new petition to be filed if state remedies are subsequently exhausted." (citing Belbin v. Picard, 454 F.2d 202, 204 (1st Cir. 1972))); Belbin, 454 F.2d at 204 ("It is the availability of state remedies at the time the application is filed . . . that is determinative of the question of exhaustion. Any other rule would only encourage prisoners to bring federal writs prematurely, counting on opportunity to amend later." (citing Fay v. Noia, 372 U.S. 391, 399

(1963))).  As a consequence, any unexhausted claim is subject to dismissal.  See, e.g., Corliss v. Cummings, 277 F. Supp. 3d 195, 198 (D. Mass. 2017) ("Because no Massachusetts court has had the opportunity to remedy any constitutional violations, this Court must grant respondent's motion to dismiss.") (citing 28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 518 (1982)).

In Massachusetts, a habeas corpus petitioner in state custody must present his claims to the Supreme Judicial Court before pursuing those claims in federal court.  See, e.g., Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) ("[The exhaustion] standard must be met, as a general rule, by 'fairly present[ing]' a federal claim 'within the four corners of the [Application for Leave to Obtain Further Appellate Review].'" (second alteration in original) (quoting Mele v. Fitchburg Dist. Ct., 850 F.2d 817, 823 (1st Cir. 1988))); Johnson v. Roden, No. 16-1419, 2017 WL 4773221, at *3 (1st Cir. Sept. 14, 2017) ("It is the law in this circuit that claims that were presented to the Appeals Court, but not mentioned in the ALOFAR, are not exhausted." (citing Clements, 485 F.3d at 168)).  The petitioner bears the burden of demonstrating exhaustion as to all claims.  Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002).  To do so, the petitioner must show that the factual and legal bases of his federal claims were "fairly and recognizably presented to the state courts."  Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997) (citing Pickard v. Connor, 404 U.S. 270, 276–77 (1971)).

"To establish fair presentation, the Court must determine whether the underlying claim before the state would alert a reasonable jurist to the existence of the federal question."  Faust v. Horgan, 12-cv-11089-FDS, 2013 WL 212621, at *2 (D. Mass. Jan. 17, 2013) (citing Scarpa v. DuBois, 38 F.3d 1, 6 (1st Cir. 1994)).  The petitioner's claims must be the "substantial equivalent" to those claims raised before the state's highest court, and the federal issues raised must be plainly defined.  Barresi, 296 F.3d at 52; Martens v. Shannon, 836 F.2d 715, 717 (1st

Cir. 1988). This determination "is not a matter of guesswork." Adelson, 131 F.3d at 262. "Rather, that calculation is informed 'by trappings-specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, argument with no masking state-law character, and the like.'" Id. (quoting Nadworny v. Fair, 872 F.2d 1093, 1101 (1st Cir. 1989)).

Where a petitioner files a "mixed petition"—one that captures both exhausted and unexhausted claims—a federal court may: (1) dismiss the petition in full; (2) allow the petitioner to abandon and dismiss the unexhausted claims and proceed with only the exhausted claims; or (3) stay the petition while the petitioner returns to state court to exhaust his previously unexhausted claims. See Neverson v. Farquharson, 366 F.3d 32, 43 (1st Cir. 2004); see also Rhines v. Weber, 544 U.S. 269, 275–76 (2005). The third option should be utilized sparingly, and only when a petitioner demonstrates that: (1) good cause exists for his failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) the litigation was not intentionally delayed by his failure to properly exhaust all claims. Rhines, 544 U.S. at 278.

III.  ANALYSIS

Respondent alleges that Petitioner has failed to exhaust state remedies pursuant to 28 U.S.C. § 2254 as to Grounds Three and Four of his petition for a writ of habeas corpus. For this reason, Respondent submits that the petition should be dismissed in its entirety unless the Petitioner elects to abandon the unexhausted claims. I will address Grounds Three and Four in turn.

  A.  Ground Three – Failure of Attorney to Allow Petitioner to Testify

The petition claims, among other things, that Petitioner's trial attorney did not allow Petitioner to testify at trial despite Petitioner's wish to do so. Dkt. no. 1, at p. 8. Based on a

6

review of the record before the Court, Petitioner "did not raise any claim alleging that he wanted to testify at his trial or that his counsel prevented him from doing so during any phase of his state court proceedings," including the criminal trial. Dkt. no. 13, at p. 6. Petitioner concedes as much in his opposition. Dkt. no. 27, at p. 1 ("The only Ground not brought forward before the [C]ourt is #3."). Moreover, Petitioner has elected to dismiss Ground Three as an unexhausted habeas claim. Id. ("Therefore, the Petitioner elects to ask this [C]ourt to delete Ground 3[,] an unexhausted claim."). The undersigned therefore recommends that the Court allow Petitioner's request to abandon and dismiss Ground Three of his petition as an unexhausted claim.

    B.  Ground Four – Ineffective Assistance of Counsel

Petitioner's fourth ground for habeas relief alleges ineffective assistance of trial counsel. Specifically, his petition states that during his trial, he informed his attorney several times that he "did not understand [the proceedings and was] hearing voices," and, in response, his attorney told him to calm down, without pursuing any alternative course of conduct. See dkt. no. 1, at p. 10.[5]

    1.  Petitioner's Ineffective Assistance Claim Is Unexhausted

In his motion for a new trial, Petitioner raised ineffective assistance of counsel, alleging that his trial attorney was constitutionally ineffective for failing to request a competency hearing after Petitioner told him that he did not understand the proceedings and was hearing voices. See ADD 323 ("Sanchez was denied his Sixth Amendment Right to effective assistance of counsel when his trial counsel failed to request a competency evaluation when he was informed by Sanchez during trial that he was hearing voices and did not understand the proceedings."). The

---

[5] There is tension between Petitioner's statements respecting review of this claim. The petition notes that this issue was not raised on appeal from the judgment of conviction, dkt. no. 1, at p. 10, while Petitioner's opposition argues that this issue was addressed by his appellate counsel on appeal before the SJC. Dkt. no. 27, at p. 4.

Superior Court's order denying the motion also confirms as much.  See ADD 453 (reciting the grounds upon which Petitioner had moved for a new trial, including "that his trial counsel provided ineffective assistance in violation of the Massachusetts Declaration of Rights and the Sixth Amendment of the United States Constitution when trial counsel did not have [Petitioner] examined for competency during the course of trial.").

On appeal to the SJC, however, Petitioner did not raise a claim of ineffective assistance of counsel.  See Brief for Appellant, ADD 035–87.  Rather, Petitioner appealed the trial court's denial of Petitioner's request for an evidentiary hearing on his motion for a new trial, which was based, in part, on a claim of constitutionally ineffective assistance.  ADD 079–82.  In other words, the arguments before the SJC respecting ineffectiveness of trial counsel were framed as violations of procedural due process, rather than the substantive Sixth Amendment right-to-counsel.  See id.  For instance, Issue 4 of Petitioner's Brief was titled: "Because the defendant's motion for a new trial raised a constitutional claim of ineffective assistance of counsel and was supported by affidavits establishing a substantial preliminary showing of fact, it was error to deny the motion without a hearing."  ADD 36; see also ADD 079.  The brief elaborated on this procedural point, citing caselaw that underscored the importance of a defendant's competence to stand trial, and identifying conflicting evidence of Petitioner's competency and the need for a hearing "to evaluate the credibility of witnesses" and resolve this conflict.  ADD 079–82.  Absent from the brief were citations to caselaw, and analysis bearing on whether defense counsel's failure to request a competency hearing fell below an objective standard of reasonableness and prejudiced Petitioner.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).

Consistent with this presentation of the issue on appeal, the SJC described Petitioner's claim of error (in relevant part) as an "abuse[ of] discretion [by the motion judge] in denying the defendant's motion for a new trial without an evidentiary hearing." See Commonwealth v. Sanchez, 73 N.E.3d 246, 251 (Mass. 2017). The SJC recited the standard for when an evidentiary hearing is required, and the factors a judge considers. Id. at 262. Its analysis hinged on whether the trial judge abused his discretion, and the SJC ultimately concluded that "the motion judge's denial of the defendant's motion for postconviction relief without a hearing did not constitute an abuse of discretion." Id. (citing Commonwealth v. Tucceri, 589 N.E.2d 1216 (Mass. 1992)). In the SJC's decision too, there is an absence of any analysis of a claim of constitutionally ineffective assistance of counsel. The factual and legal bases for Petitioner's appeal of the order denying a new trial therefore were predicated on the trial court's alleged abuse of discretion in denying Petitioner an evidentiary hearing on the motion—not, as Petitioner claims now, ineffective assistance during trial.

Given this record, Petitioner has not demonstrated that the factual and legal bases of his current ineffective assistance claim before this Court were "fairly and recognizably presented" to the SJC. See Adelson, 131 F.3d at 262 (citing Pickard, 404 U.S. at 276–77). Simply, an argument that counsel did not provide effective assistance at trial and an argument that the trial judge's decision to deny a motion for new trial without an evidentiary hearing are discrete legal claims. While it is true that Petitioner argued before the trial court in his motion for a new trial that his counsel was ineffective, the same arguments were not presented on appeal to the SJC. It therefore follows that Petitioner has failed to meet his burden to demonstrate exhaustion as to Ground Four of the instant habeas petition. See Barresi, 296 F.3d at 51.

2. <u>A Stay and Abeyance of Petitioner's Ineffective Assistance Claim Is Not Warranted</u>

Respondent further argues that Petitioner's habeas petition should not be stayed and held in abeyance to allow the Petitioner to exhaust state remedies. Dkt. no. 13, at pp. 7–11. As mentioned above, "to obtain a stay of a mixed petition, the petitioner must show that there was good cause for failing to exhaust state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." <u>Josselyn v. Dennehy</u>, 475 F.3d 1, 4 (1st Cir. 2007) (citing <u>Rhines</u>, 544 U.S. at 278). Whether to stay a federal habeas petition and equitably toll AEDPA's limitations provisions is within the Court's discretion. <u>Rhines</u>, 544 U.S. at 277. Yet this "discretion is circumscribed, as [it] must 'be compatible with AEDPA's purposes.'" <u>Corliss</u>, 277 F. Supp. at 198 (quoting <u>Rhines</u>, 544 U.S. at 276). Although Petitioner has not asked that this matter be stayed and held in abeyance, the undersigned would recommend that such request, if made, be denied for several reasons.

"Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality of state court judgments by allowing a petitioner to delay the resolution of the federal proceedings, and it undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court before filing his federal petition." <u>Rhines</u>, 544 U.S. at 277. Here, Petitioner has not demonstrated good cause for failing to exhaust his ineffective assistance claim (Ground Four). In fact, he gives no reason for his failure, arguing instead that his ineffective assistance claim was addressed by the SJC, which, as the undersigned has concluded, is not accurate. Dkt. no. 27, at p.1. In addition, the record manifests no reason why Ground Four of Petitioner's habeas petition was not raised before the SJC. It does indicate, though, that Petitioner could have, but did not, proceed on appeal of that claim.

10

Petitioner's Brief, submitted by appellate counsel, argued that it was error to deny the motion for a new trial without an evidentiary hearing "[b]ecause the . . . motion . . . raised a constitutional claim of <u>ineffective assistance of counsel</u> and was supported by affidavits establishing a substantial preliminary showing of fact."  <u>See</u> ADD 036, 079 (emphasis added).  Hence, the claim of ineffective assistance of counsel was obvious.  Had Petitioner wished to appeal the denial of his ineffective assistance claim in his motion for a new trial (in addition to the six appellate claims Petitioner ultimately made), his brief could easily have done so.

      Furthermore, "even if a petitioner had good cause for [a] failure [to exhaust], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."  <u>Rhines</u>, 544 U.S. at 277 (citing 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")).  In this regard, it is settled that tactical or strategic decisions of counsel must be "manifestly unreasonable" to fall within the ambit of constitutionally ineffective assistance.  <u>See</u> <u>Castillo v. Matesanz</u>, 348 F.3d 1, 13 (1st Cir. 2003) (citing <u>Commonwealth v. Adams</u>, 375 N.E.2d 681, 685 (Mass. 1978)); <u>see also</u> <u>Stephens v. Hall</u>, 294 F.3d 210, 215 (1st Cir. 2002) (concluding counsel's assistance was not ineffective where conduct complained of was not manifestly unreasonable).  Here, from all that appears on the record, counsel may have deliberately chosen not to pursue the ineffective assistance claim before the SJC.  The record indicates a history of concern respecting Petitioner's competency to stand trial and careful monitoring by defense counsel of Petitioner's ability to understand the proceedings.  The trial court held several competency hearings to evaluate Petitioner's mental fitness throughout the course of proceedings.  <u>See</u> ADD 281–94 (referencing

five competency hearings held as scheduled).  Following two of these hearings, the court ordered Petitioner committed to Bridgewater State Hospital for further care and evaluation.  See ADD 285–86.  Respecting Petitioner's readiness for trial, his counsel represented

> that the defendant had been deemed competent by a doctor before trial, and that counsel has agreed with the evaluation at the time; that the defendant did not appear to have difficulty understanding the trial proceedings; and that counsel was "very sensitive" to the defendant's struggles with mental illness and asked the defendant "several times every day during the trial whether he was okay and whether he understood what was going on," and the defendant always replied in the affirmative.

Sanchez, 73 N.E. at 261 n.14 (quoting ADD 188 (Black Aff. ¶ 13)).  The motion judge in his order denying Petitioner's motion for new a new trial credited defense counsel's averment and other evidence supporting counsel's vigilance and effectiveness.  See Sanchez, 73 N.E. at 261 n.14; see also ADD 162.

While AEPDA does not deprive federal courts of their authority to issue stays and hold federal habeas proceedings in abeyance, its legislative purpose dictates that such authority be used sparingly, balancing interests served by its exhaustion requirements, its limitation periods, and the postconviction rights of a habeas petitioner.  See Rhines, 544 U.S. at 276–77.  Here, Petitioner has not demonstrated good cause for a stay and abeyance or a potentially meritorious unexhausted claim.  Josselyn, 475 F.3d at 4 (citing Rhines, 544 U.S. at 278).  For these reasons, the undersigned concludes a stay and abeyance is not warranted in this matter.

## Conclusion

For the foregoing reasons, I conclude that Petitioner has failed to exhaust the claims styled Ground Three and Four of his petition for habeas corpus relief. Pursuant to Respondent's motion to dismiss (dkt. no. 12), I respectfully RECOMMEND that the Court deem Petitioner's petition mixed and conclude that Grounds Three and Four are unexhausted. I further RECOMMEND that the Court grant Petitioner's request to abandon Ground Three as an unexhausted claim, as provided in his opposition to Respondent's motion. I further RECOMMEND that Petitioner be given the option of either abandoning his remaining unexhausted claim (Ground Four) or have his entire petition dismissed without prejudice. To accomplish this, I RECOMMEND that the Court enter an order setting the following deadlines:

1. Within forty-five days of the Court's disposition on this Report and Recommendation, Petitioner shall submit a filing to the Court that states whether Petitioner elects to abandon Ground Four of his petition as an unexhausted claim. If Petitioner does not elect to abandon Ground Four, then the Court should dismiss the entire habeas petition without prejudice.

2. If Petitioner's filing elects to abandon Ground Four, as Petitioner has already done with unexhausted Ground Three, then Respondent shall submit a filing that addresses the merits of Petitioner's remaining claims[6] within thirty days of the docketing of Petitioner's filing pursuant to the preceding paragraph.

---

[6] Respondent did not brief the merits of Grounds One or Two of the petition for habeas relief on the ground that Petitioner's failure to exhaust justifies dismissal of the entire petition. See dkt. no. 13, at p. 1.

3.      If Respondent submits a filing that addresses the merits of Petitioner's remaining claims, then Petitioner may file a response within forty-five days of Respondent's filing. So concludes this Report and Recommendation.[7]

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[7] The parties are notified that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of service of this Report and Recommendation. The written objections must identify with specificity the portions of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72(b)(2). The United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See, e.g., United States v. Diaz-Rosado, 857 F.3d 89, 94 (1st Cir. 2017); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).