UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BENJAMIN SANCHEZ, | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | NO. 17-40167-TSH |
| | ) | |
| COLETTE GOGUEN, | ) | |
| Respondent, | ) | |

**Order**
February 25, 2021

**HILLMAN, D.J.**

## Background

Benjamin Sanchez ("Petitioner") filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition")[1]. On September 28, 2018, Petitioner filed a Motion For Voluntary Withdrawal of Petition For Writ of Habeas Corpus (Docket No. 21), to permit him time to obtain an attorney to represent him in this matter. On November 27, 2018, this Court issued an Order (Docket No. 28) denying Petitioner's motion to voluntarily dismiss his Petition, without prejudice.[2]

---

[1] Petitioner asserts the following grounds for relief: his confession was not voluntary and therefore, should have been excluded from trial: he was precluded from cross examining the DNA analyst; his attorney did not call him as a witness even though he wanted to testify; and he received ineffective assistance of counsel for failing to address his complaints that he did not understand and was hearing voices.

[2] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2244(d)(1), *et seq.*, requires a state prisoner to file his federal habeas petition within one year of the date on which his state conviction becomes final. The filing of a federal habeas petition does not toll the running of the statute of limitations. *Delaney v. Matesanz*, 264 F.3d 7, 11 (1st Cir. 2001). I, therefore, explained to the Petitioner that if I had allowed his motion to dismiss to give him time to obtain counsel, his subsequent second or successive petition would almost certainly be

On January 10, 2019, Magistrate Judge Hennessy issued a Report and Recommendation (Docket No. 31), in which he found that Petitioner had failed to exhaust Ground Four of his Petition.[3] Magistrate Judge Hennessy recommended that Petitioner be given forty-five days to notify the Court whether he elects to amend his Petition to delete the unexhausted claim (Ground Four), or to voluntarily dismiss his Petition, without prejudice. Ultimately, Petitioner voluntarily dismissed Ground Four of his Petition and the Court adopted the Magistrate Judge Hennessy's Report and Recommendation and dismissed Grounds Three and Four of the Petition. *See* Docket Nos. 35 and 37. On February 27, 2019, the Court entered a Scheduling Order requiring the Petitioner to file a memorandum of law in support of his Petition on or before April 3, 2019 with Respondent's opposition due by May 1, 2019. Thereafter, Petitioner requested a 30-day extension until May 3, 2019 which was granted by the Court. On April 22, 2019, Petitioner requested a further extension and the Court granted Petitioner an extension until June 8, 2019.

Petitioner never filed his memorandum in support of his Petition, sought no further extensions and as of December 3, 2020, had taken no further action with respect to his case. On December 3, 2020, the Court entered an Order requiring the Petitioner to file a memorandum in support of his Petition on or before January 8, 2021 and notifying him that if he failed to do so, his Petition would be dismissed for lack of prosecution. *See* Docket No. 46 ("Order"). He was further advised that no further extensions would be granted. In response, on December 14, 2020, Petitioner filed a letter with the Court seeking a copy of the Docket; a copy was mailed to him that same date.

---

deemed time-barred and he would be forever be deprived of seeking federal habeas review.

[3] The Court noted that Ground Three of the Petition is also unexhausted, but Petitioner voluntarily withdrew that claim.

When Petitioner had not filed his memorandum in support of his Petition by January 21, 2021, his Petition was dismissed for lack of prosecution. *See* Docket No. 48.

On February 17, 2021, Petitioner filed a Motion For Appointment of Counsel Under ADA Accommodations (Docket No. 49) and Motion to Strike the dismissal of his Petition (Docket No. 50), which the Court has treated as a motion to vacate pursuant to Fed.R.Civ.P. 60(b). For the reasons set forth below, those motions are denied.

## Discussion

Rule 60(b) provides that a court may relieve a party from an order or final judgment in six specific circumstances. *See* Fed. R. Civ. P. 60(b). Petitioner has not specified which subsection of Rule 60(b) he is proceeding under, but the Court will assume that he is invoking Fed.R.Civ.P. 60(b)(1) which permits a judgment to be vacated based on mistake, inadvertence or excusable neglect and under the catchall subsection, Fed.R.Civ.P. 60(b)(6), which covers "any [ ] reason that justifies relief." He contends, in substance, that he is illiterate and was not aware of the Court's recent Order requiring him to prosecute his Petition.

"Rule 60(b) grants federal courts the power to vacate judgments 'whenever such action is appropriate to accomplish justice.' " *Roosevelt REO PR II Corp. v. Del Llano-Jiménez*, 765 Fed. Appx. 459, 461 (1st Cir. 2019) (citation to quoted case omitted). However, "relief under Rule 60(b) is extraordinary in nature and ... motions invoking that rule should be granted sparingly." *Rivera-Velázquez v. Hartford Steam Boiler Inspection and Ins. Co.*, 750 F.3d 1, 4 (1st Cir. 2014) (citations omitted). The party seeking relief must show that (1) the motion was timely, (2) exceptional circumstances justifying relief exist, (3) the other party would not be unfairly prejudiced, and (4) there is a potentially meritorious claim or defense. *See Roosevelt REO*, 765 Fed. Appx. at 461 (citation omitted).

I find Petitioner's Rule 60(b) request to be timely. However, construing Petitioner's motion generously, he has failed to show that most of the other requirements of Rule 60(b) are satisfied. Two weeks after I entered the Order, after having filed nothing since April 2019, Petitioner filed a request for a copy of the Docket for his case and one was forwarded to him that same day. It is reasonable to infer that Petitioner received copies of both the Order and the Docket which reflects it and therefore, that he was aware of the same. Moreover, after the Court granted his April 22, 2019 request for an extension of time to file his memorandum (he was given to June 8, 2019), he did not take any action in this case until he filed his request for a copy of the Docket on December 14. 2020. He offers no explanation for having sat on his hands for over a year and a half. Finally, despite his alleged lack of education and comprehension, Petitioner has made numerous filings in this Court which exhibit his ability to understand court orders and prosecute his case. Under these circumstances, Petitioner has failed to establish exceptional circumstances justifying relief. I will assume that the Respondent will not be further prejudiced by the delay. As to the final factor, Petitioner has not in his motion to vacate or his submissions as a whole demonstrated that any of his claims are potentially meritorious. Accordingly, the motion to vacate is denied.

## Conclusion

1. The Motion for Appointment of Counsel Under ADA Accommodation (Docket No. 49) is *denied*, as moot; and

2. The Motion to Strike Dismissal (Docket No. 50) is *denied*.

**SO ORDERED**.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE